**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

NUTRIMATIX, INC.,

      Plaintiff,

v.                                                                 Case No. 6:15-cv-790-Orl-37GJK

XYMOGEN, INC.,

      Defendant.

---

## ORDER

This cause is before the Court on the following:

1.  Plaintiff's Motion to Exclude Expert Testimony and Incorporated Memorandum of Law (Doc. 42), filed June 24, 2016;

2.  Defendant's Response to Plaintiff's Motion to Exclude Expert Testimony and Incorporated Memorandum of Law (Doc. 49), filed July 8, 2016;

3.  Defendant's *Daubert* Motion and Motion in Limine to Exclude and Strike the Testimony and Reports of Richard Rampell and Josh Santos and Incorporated Memorandum of Law in Support (Doc. 47), filed June 28, 2016;

4.  Plaintiff's Opposition to Defendant's *Daubert* Motion and Motion in Limine to Exclude Expert Testimony (Doc. 51), filed July 8, 2016;

5.  Plaintiff's Omnibus Motion in Limine (Doc. 62), filed October 27, 2016;

6.  Defendant's Response in Opposition to Plaintiff's Omnibus Motion in Limine (Doc. 66), filed November 10, 2016; and

7.  Defendant's Motion in Limine and Incorporated Memorandum of Law

(Doc. 63), filed October 27, 2016.

On November 17, 2016, the Court held its final pretrial conference and heard oral argument on several pending motions in this matter. (*See* Doc. 70.) In accordance with the Court's rulings from the bench, it is hereby **ORDERED AND ADJUDGED**:

1. Plaintiff's Motion to Exclude Expert Testimony and Incorporated Memorandum of Law (Doc. 42) is **DENIED WITHOUT PREJUDICE**. Plaintiff may raise appropriate objections to Dr. Henry Fishkind's testimony at the time of trial.

2. Defendant's *Daubert* Motion and Motion in Limine to Exclude and Strike the Testimony and Reports of Richard Rampell and Josh Santos and Incorporated Memorandum of Law in Support (Doc. 47) is **DENIED IN PART**.

    a. To the extent that Defendant requests the exclusion of the testimony and expert report of Josh Santos, the Motion is **DENIED**.

    b. The Court otherwise **RESERVES RULING** on Defendant's Motion to exclude the testimony and report of Richard Rampell. The Court will issue its ruling prior to opening statements.

3. Plaintiff's Omnibus Motion in Limine (Doc. 62) is **GRANTED IN PART AND DENIED IN PART**.

    a. The Court will permit lay witness Daniel Gulick to give the following testimony: (1) that he is familiar with Defendant's quality assurance and control ("**QA/QC**") process ; (2) that based on his review of such procedures with respect to the production of Plaintiff's products,

2

there was no anomaly in the QA/QC process; and (3) if such procedures were followed, there is no reason believe that Plaintiff's products did not meet the parties' agreed specifications, state regulations, or federal regulations (inclusive of U.S. Food and Drug Administration standards). However, because he did not test the products, Gulick is **not** permitted to testify that such products conclusively complied with the parties' specifications, state regulations, or federal regulations. Such testimony is expert testimony, which Gulick is not qualified to give.

b. To the extent that Plaintiff seeks to exclude invoices not produced during the regular discovery period, the Motion is **GRANTED**.

c. Defendant is precluded from seeking damages relating to the nonpayment of the second electrolyte order as such recovery falls outside the bounds of its Counterclaims.

4. Defendant's Motion in Limine and Incorporated Memorandum of Law (Doc. 63) is **DENIED WITHOUT PREJUDICE** for failure to comply with the directives in the Court's Case Management and Scheduling Order (*see* Doc. 17, p. 2 (requiring that all motions in limine be filed in a single motion).)

**DONE AND ORDERED** in Chambers in Orlando, Florida, on November 18, 2016.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record