**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

NUTRIMATIX INC.,

        Plaintiff,

v.                                         Case No. 6:15-cv-790-Orl-37GJK

XYMOGEN, INC.,
        Defendant.

**JUDGMENT IN A CIVIL CASE**

      In this action, Plaintiff Nutrimatix Inc. ("**Nutrimatix**") asserted breach of contract and breach of warranty claims against Defendant Xymogen, Inc. ("**Xymogen**"). (Doc. 1.) In turn, Xymogen counterclaimed with its own breach of contract claim. (*See* Doc. 8, pp. 12–16.) On February 14, 2017, at the conclusion of a five-day trial, a jury rendered a verdict in favor of: (1) Nutrimatix on its breach of contract claim ("**First Contract Claim**"); (2) Xymogen on Nutrimatix's breach of warranty claim; and (3) Nutrimatix on Xymogen's breach of contract counterclaim. (Doc. 123.) But despite finding for Nutrimatix on the First Contract Claim, the jury concluded that it sustained zero damages. (*Id.*)

      Although the jury's verdict entailed a mixed result, the Court concludes that Nutrimatix is the prevailing party. Absent compelling circumstances, one party must prevail in a breach of contract action under Florida law. *Khodam v. Escondido Homeowner's Assoc.*, 87 So. 3d 65, 66 (Fla. 4th DCA 2012). (citing *Animal Wrappers & Doggie Wrappers, Inc. v. Courtyard Distrib. Ctr., Inc.*, 73 So. 3d 354, 356 (Fla. 4th DCA 2011). The party who prevails on the significant issues in the litigation is the prevailing party. . . ." *Id.*

      Here, Nutrimatix was the only party to receive a favorable verdict on its prosecuted

claim, and it also prevailed on the most significant issues in the case. The central issue in the litigation was the First Contract Claim and, by extension, competing questions of prior material breach—that is, whether one party breached the contract first, thereby excusing the other from further performance. Although the jury found that both parties breached the contract, it also found that Nutrimatix proved the affirmative defense of prior material breach, thus excusing its breach. Even in the absence of damages, the jury's finding that Xymogen breached the parties' contract without excuse rendered Nutrimatix the prevailing party on the litigation's most significant issues. *Accord Khodam*, 87 So. 3d at 66; *see also Yellow Pages Photos, Inc. v. Ziplocal, LP*, No. 8:12-cv-755-T-26TBM, 2014 WL 5517027, at *2 (M.D. Fla. Oct. 31, 2014) ("Florida courts have held that the party against whom a contract has been breached may be the prevailing party even though the jury awarded '$0' damages.")

Having determined the prevailing party, the Court now turns to the issue of costs. Pursuant to Federal Rule of Civil Procedure 54(b), "[u]nless a federal statute, [the Federal Rules], or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." However, "[d]istrict courts possess ample discretion in awarding costs in the pursuit of equity." *Peralta v. Greco Int'l Corp.*, No. 11-2224-CIV, 2012 WL 5199600, at *3 (S.D. Fla. Oct. 22, 2012); *see also Mulvihill v. Spalding Worldwide Sports, Inc.*, 239 F. Supp. 2d 121, 122 (D. Mass. 2002) ("Rule 54(d) gives the court discretion to determine whether an award is appropriate.") For example, courts need not award costs if it would be inequitable to do so. *Royal Surplus Lines Ins. Co. v. Coachmen Indus.*, 229 F.R.D. 695, 697 (M.D. Fla. 2005). But "such discretion is not unfettered." *Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995). Indeed, "where the trial

court denies the prevailing party its costs, the court must give a reason for its denial of costs that so that the appellate court may have some basis upon which to determine if the trial court acted within its discretionary power." *Id.*

Upon consideration of the equities involved, the Court finds that an award of costs is not appropriate. Importantly, this action involved highly contentious and convoluted disputes, for which Nutrimatix sought more than $15,000,000 in damages. Although the jury found Xymogen liable for breach of contract, it ultimately found that Nutrimatix did not sustain any damages. So while Nutrimatix was the prevailing party in the legal sense, Xymogen prevailed in the most practical sense, as it avoided any monetary liability despite exposure to an enormous damage claim. Under the circumstances, Xymogen's successful defense against Nutrimatix's damage claim weighs heavily against granting Nutrimatix an award of costs. As such, the Court exercises its discretion to deny costs to Nutrimatix.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. **FINAL JUDGMENT** is entered in favor of Plaintiff Nutrimatix Inc. and against Defendant Xymogen, Inc. on Count I of Plaintiff's Complaint (Doc. 1, ¶¶ 40–44).

2. **FINAL JUDGMENT** is entered in favor of Defendant Xymogen, Inc. and against Plaintiff Nutrimatix Inc. on Count II of Plaintiff's Complaint (Doc. 1, ¶¶ 45–54).

3. **FINAL JUDGMENT** is entered in favor of Plaintiff Nutrimatix Inc. and against Defendant Xymogen, Inc. on Defendant[] Xymogen, Inc.'s Counterclaim Against Plaintiff[] Nutrimatix Inc. (Doc. 8, pp. 12–16).

4. For the reasons set forth above, the prevailing party is **NOT** entitled to an award of costs.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on February 22, 2017.



ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record